**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TERRELL WILLIAMS,**

> **Petitioner,**

**vs.**                                                                         **Case No. 4:14cv643-WS/CAS**

**UNITED STATES OF AMERICA, and**

**FLORIDA ATTORNEY GENERAL**

> **Respondents.**
> _____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about November 25, 2014, Petitioner Terrell Williams, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, Jacksonville Division.  Doc. 1.  In his § 2241 petition, Williams, a state prisoner, challenges a federal detainer for a supervised release violation.  *Id.*  Because Petitioner was incarcerated at the Franklin Correctional Institution in Carrabelle, Florida, at that time, the Middle District did not have jurisdiction to consider his petition; accordingly, by order dated December 2, 2014, that court transferred the case to this Court for all further proceedings.  Docs. 2 and 3.

On April 28, 2015, Respondents filed an answer to the § 2241 petition, with an attached exhibit.  Doc. 16.  Respondents explain Petitioner claims that his due process

rights are being violated by a delay in the resolution of a petition for revocation of

supervised release pending in the United States District Court for the Middle District of

Florida, Jacksonville Division, Case No. 3:05cr100-J-32MCR, and that he is being

adversely affected by a detainer lodged against him by the United States Marshals

Service as a result of a warrant issued for his arrest to answer the supervised release

violation petition.  *Id.* at 1-2.  Respondents further explain that this § 2241 petition can

be resolved by Williams being transported to Jacksonville to answer the supervised

release petition and, on April 22, 2015, the United States District Court for the Middle

District of Florida issued a writ of habeas corpus ad prosequendum, directing the United

States Marshals Service to transport Williams to Jacksonville for an initial appearance in

the supervised release proceedings on May 20, 2015, in Case No. 3:05cr100-J-32MCR.

*Id.* at 2.  Respondents attach, as Exhibit 1, a copy of the April 22, 2015, order.  Doc. 16

Attach. 1.  Respondents argue that because arrangements have been made for

Petitioner to be transported to Jacksonville to answer the supervised release petition,

his § 2241 petition is moot and should be denied.  Doc. 16 at 3.

        Petitioner has not filed a reply, although given an opportunity to do so.  *See* Doc.

14.  A review of this case file together with the docket in Case No. 3:05cr100-J-32MCR

from the Middle District, reflects that this § 2241 petition should be denied.

        In particular, as relief, Petitioner asks this Court to "order that the U.S. Marshals

Office withdraw the detainer which is 'non-violent,' and order defendant to report to the

Office of Pretrial Services upon his release on 12-8-2015 and direct the Pretrial

Services along with the Court administrator to set a date for hearing in this cause."  Doc.

1 at 8.  As Respondent indicates, however, the Middle District has since ordered

Petitioner be transported to Jacksonville for the supervised release proceedings.  Doc.

16 at 2-3; *see* United States of America v. Terrell Williams, No. 3:05cr100-J-32MCR,

Doc. 143 (Writ of Habeas Corpus Ad Prosequendum, docketed April 22, 2015).  A

review of the docket in that case indicates that the final revocation hearing is currently

scheduled for August 20, 2015.  United States of America v. Terrell Williams, No.

3:05cr100-J-32MCR, Doc. 162.

## Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that the

petition for writ of habeas corpus filed by Terrell Williams pursuant to 28 U.S.C. § 2241

(Doc. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2015.


**S/   Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and
recommendation, a party may serve and file specific, written objections to the
proposed findings and recommendations.  A party may respond to another
party's objections within fourteen (14) days after being served with a copy
thereof.  Failure to file specific objections limits the scope of review of proposed
factual findings and recommendations.**